```
 1  NINA F. LOCKER, State Bar No. 123838
    STEVEN D. GUGGENHEIM, State Bar No. 201386
 2  CAZ HASHEMI, State Bar No. 210239
    CAMERON P. HOFFMAN, State Bar No. 229316
 3  MARK T. OAKES, State Bar No. 234598
    WILSON SONSINI GOODRICH & ROSATI
 4  Professional Corporation
    650 Page Mill Road
 5  Palo Alto, CA 94304-1050
    Telephone: (650) 493-9300
 6  Facsimile: (650) 565-5100
    Email: moakes@wsgr.com
 7
 8  Attorneys for Third Party
    Brocade Communications Systems, Inc.
 9
```

                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA

                         SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 06-0556 CRB |
| Plaintiff, | **STIPULATION AND [PROPOSED]** |
| v. | **ORDER REGARDING** |
| | **CONFIDENTIALITY** |
| GREGORY L. REYES and STEPHANIE JENSEN, | |
| Defendants. | |

1 **STIPULATION**

2   WHEREAS, this is a criminal action brought against defendants Gregory Reyes and
3 Stephanie Jensen;

4   WHEREAS, pursuant to Rule 17 of the Federal Rules of Criminal Procedure, defendant
5 Gregory Reyes has issued a subpoena to produce documents to third party Brocade
6 Communications Systems, Inc. ("Brocade");

7   WHEREAS, defendant Gregory Reyes has also issued subpoenas to third party Brocade
8 in a related civil action brought by the Securities and Exchange Commission, Case No. C 06-
9 04435 CRB, also pending before this Court (the "SEC Action");

10   WHEREAS, in order to protect the confidentiality of confidential information produced
11 in the SEC Action, defendant Gregory Reyes and Brocade agreed to a [Proposed] Stipulated
12 Confidentiality Order ("Confidentiality Order"), docket number 68-1, a copy of which is
13 attached hereto as Exhibit A;

14   WHEREAS, Brocade also wishes to protect the confidentiality of confidential
15 information that may be produced to defendant Greg Reyes in this action;

16   IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned,
17 subject to approval of the Court, that the Confidentiality Order filed in the SEC Action, docket
18 number 68-1, *as amended by the Court,* shall also apply in this action.

20 Dated: January 10, 2007          WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation

23                                  By: /s/ Caz Hashemi
                                         Caz Hashemi

24                                  Attorneys for Third Party
                                    Brocade Communications Systems, Inc.

STIPULATION AND [PROPOSED] ORDER                -1-                     CASE NO. CR 06-0556 CRB
REGARDING CONFIDENTIALITY

1 | Dated: January 10, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

By: /s/ Jack DiCanio
    Jack DiCanio

Attorneys for Defendant
Gregory Reyes

## [~~PROPOSED~~] ORDER as amended

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.

Dated: Jany 11, 2007

THE HONORABLE CHARLES R. BREYER
United States District Judge

1      I, Mark T. Oakes, am the ECF User whose identification and password are being used to
2  file this STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY. In
3  compliance with General Order 45.X.B, I hereby attest that Jack DiCanio has concurred in this
4  filing.

6  Dated: January 10, 2007                  WILSON SONSINI GOODRICH & ROSATI
                                                             Professional Corporation

                                                             /s/ Mark T. Oakes
                                                                  Mark T. Oakes

# Exhibit A

Case 3:06-cr-00556-CRB Document 103 Filed 01/17/07 Page 5 of 13
Case 3:06-cr-00556-CRB Document 100-2 Filed 01/10/2007 Page 1 of 9

```
 1  NINA F. LOCKER, State Bar No. 123838
    STEVEN D. GUGGENHEIM, State Bar No. 201386
 2  CAZ HASHEMI, State Bar No. 210239
    CAMERON P. HOFFMAN, State Bar No. 229316
 3  MARK T. OAKES, State Bar No. 234598
    WILSON SONSINI GOODRICH & ROSATI
 4  Professional Corporation
    650 Page Mill Road
 5  Palo Alto, CA 94304-1050
    Telephone: (650) 493-9300
 6  Facsimile: (650) 565-5100
    Email: moakes@wsgr.com
 7

 8  Attorneys for Third Party
    Brocade Communications Systems, Inc.
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY L. REYES, STEPHANIE JENSEN and ANTONIO CANOVA,<br><br>    Defendants. | CASE NO.: C 06-04435 CRB<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER** |

In order to protect the confidentiality of confidential information subpoenaed by defendant Gregory L. Reyes in this case, third party Brocade Communications Systems, Inc. ("Brocade") and defendant Gregory L. Reyes hereby agree as follows:

1. Brocade may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to a subpoena which it considers in good faith to: (i) contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or California law; or (ii) contain confidential information of a person that is protected by a right of privacy under applicable law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. Brocade may designate information disclosed during a deposition as "confidential" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, Brocade may designate in writing, within twenty (20) days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as "confidential" information. Any party may object to such proposal, in writing or on the record. Upon such objection, the procedures described in paragraph 7 below shall be followed. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below.

3. All information produced by third party Brocade to defendant Gregory L. Reyes in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case and any related criminal or civil proceedings currently pending.

4. Except with the prior written consent of Brocade, or upon prior order of this Court obtained upon notice to Brocade, anything designated as confidential pursuant to the terms of this Order ("Confidential Information") shall not be disclosed to any person other than:

|   |   |   |
|---|---|---|
| 1 | (a) | counsel for the respective parties to this litigation who have agreed to be bound by the terms of this Order, including defendants' counsel and counsel for the Securities and Exchange Commission; |
| 4 | (b) | employees of such counsel; |
| 5 | (c) | individual defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation; |
| 7 | (d) | consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection during the pendency or after the termination of the action upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by one of Brocade Communications Systems, Inc's competitors or customers, the party shall notify Brocade Communications Systems, Inc. before disclosing any Confidential Information to that individual and shall give Brocade Communications Systems, Inc. an opportunity to move for a protective order preventing or limiting such disclosure; |
| 20 | (e) | any authors or recipients of the Confidential Information; |
| 21 | (f) | the Court, Court personnel and court reporters; and |
| 22 | (g) | witnesses, at deposition and/or trial, only to the extent necessary to give their testimony. At the request of any party, the portion of the transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies. |

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER, CASE NO. C 06-04435 CRB   -2-   3018048_4.DOC

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

In the event that the Clerk's Office refuses to accept a document filed under seal, the filing party shall, not later than the next business day, file a notice indicating which documents the party attempted to file. The filing party shall also serve a copy of the rejected filing by overnight mail on Brocade. If Brocade wishes to contest the public filing of the document it must file a motion to that effect within five (5) business days of the initial filing date. If no motion is received, the filing party may file the document publicly within seven (7) business days of the initial filing. If a motion is filed to permit the filing to be made under seal, the filing party may not file the document with the confidential material included therein until the motion is resolved. This procedure shall not affect any Court order or other rule regarding the scheduling for future filings.

7. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to Brocade. Brocade shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.

8. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) Brocade withdraws such designation in writing; or

    (b) Brocade fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not Confidential Information.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information no later than thirty (30) days after a request by such counsel, or (b) destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed.

10. If confidential information is inadvertently produced without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as though it had been timely designated under this Confidentiality Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized by Paragraphs 4 herein, as well as any copies made by such persons.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

12. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

| | | |
|---|---|---|
| 1 | Respectfully submitted, | |
| 2 | Dated: January 10, 2007 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Caz Hashemi<br>    Caz Hashemi |
| 6 | | Attorneys for Third Party<br>Brocade Communications Systems, Inc. |
| 7 | | |
| 8 | Dated: January 10, 2007 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP |
| 9 | | 300 South Grand, Suite 3400<br>Los Angeles, CA 90071 |
| 10 | | Telephone: (213) 687-5000<br>Facsimile:  (213) 687-5600 |
| 11 | | |
| 12 | | |
| 13 | | By: /s/ Jack DiCanio<br>    Jack DiCanio |
| 14 | | Attorneys for Defendant<br>Gregory L. Reyes |
| 15 | | |
| 16 | | |
| 17 | **THE FOREGOING STIPULATION**<br>**IS APPROVED AND IS SO ORDERED.** | |
| 18 | | |
| 19 | | |
| 20 | Dated: _____, 2007 | _____<br>The Honorable Charles R. Breyer |
| 21 | | United States District Judge |

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER, CASE NO. C 06-04435 CRB

-5-

3018048_4.DOC

# APPENDIX A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *Securities and Exchange Commission v. Gregory L. Reyes, Stephanie Jensen and Antonio Canova,* Case No. C 06-04435 CRB (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

SIGNATURE: _____

DATED: _____

1   I, Mark T. Oakes, am the ECF User whose identification and password are being used to
2   file this [PROPOSED] STIPULATED CONFIDENTIALITY ORDER.  In compliance with
3   General Order 45.X.B, I hereby attest that Jack DiCanio has concurred in this filing.

Dated: January 10, 2007             WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation


                                    By:  /s/ Mark T. Oakes
                                         Mark T. Oakes

[PROPOSED] STIPULATED CONFIDENTIALITY                -7-                                    3018048_4.DOC
ORDER, CASE NO. C 06-04435 CRB