Geoffrey M. Ezgar (SBN: 184243)
gezgar@sidley.com
Robert B. Martin, III (SBN: 235489)
rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California   94104
Telephone:    (415) 772-1200
Facsimile:    (415) 772-7400

Michael C. Kelley (SBN: 090062)
mkelley@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California  90013
Telephone:    (213) 896-6000
Facsimile     (213) 896-6600

Attorneys for Third Party
KPMG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 06-00556 CRB (EMC) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] STIPULATED CONFIDENTIALITY ORDER |
| GREGORY L. REYES and STEPHANIE JENSEN, | |
| Defendants. | |

1

1    In order to protect the confidentiality of confidential information subpoenaed by

2  defendant Stephanie Jensen in this case, KPMG LLP ("KPMG") represented by Sidley Austin

3  LLP, and defendant Stephanie Jensen hereby agree as follows:

4    1.    KPMG, or at the request of KPMG, Brocade Communication Systems, Inc.

5  ("Brocade"), may designate as "confidential" (by stamping the relevant page or as otherwise set

6  forth herein) any document or response to a subpoena which it considers in good faith to: (i)

7  contain information involving trade secrets, or confidential business or financial information,

8  subject to protection under the Federal Rules of Civil Procedure or California law; or (ii)

9  contain confidential information of a person that is protected by a right of privacy under

10  applicable law.  Where a document or response consists of more than one page, the first page

11  and each page on which confidential information appears shall be so designated.

12    2.    KPMG, or at the request of KPMG, Brocade, may designate information

13  disclosed during a deposition as "confidential" by so indicating on the record at the deposition

14  and requesting the preparation of a separate transcript of such material.  Additionally, KPMG, or

15  at the request of KPMG, Brocade, may designate in writing, within twenty (20) days after receipt

16  of the deposition transcript for which the designation is proposed, that specific pages of the

17  transcript be treated as "confidential" information.  Any party may object to such proposal, in

18  writing or on the record.  Upon such objection, the procedures described in paragraph 7 below

19  shall be followed.  After any designation made according to the procedure set forth in this

20  paragraph, the designated documents or information shall be treated according to the designation

21  until the matter is resolved according to the procedures described in paragraph 7 below.

22    3.    All information produced by KPMG to defendant Stephanie Jensen in the course

23  of this case (other than information that is publicly available) shall be used solely for the purpose

24  of this case and any related criminal or civil proceedings currently pending.

25    4.    Except with the prior written consent of KPMG, or upon prior order of this Court

26  obtained upon notice to KPMG, anything designated as confidential pursuant to the terms of this

27  Order ("Confidential Information") shall not be disclosed to any person other than:

28  ///

1         (a)     counsel for the respective parties to this litigation who have

2                   agreed to be bound by the terms of this Order, including

3                   defendants' counsel and counsel for the Securities and

4                   Exchange Commission;

5         (b)     employees of such counsel;

6         (c)     individual defendants, to the extent deemed necessary by counsel for the

7                   prosecution or defense of this litigation;

8         (d)     consultants or expert witnesses retained for the prosecution or defense of

9                   this litigation, provided that each such person shall execute a copy of the

10                   Certification annexed to this Order (which shall be retained by counsel to

11                   the party so disclosing the Confidential Information and made available

12                   for inspection during the pendency or after the termination of the action

13                   upon good cause shown and upon order of the Court) before being shown

14                   or given any Confidential Information and provided that if the party

15                   chooses a consultant or expert employed by one of Brocade's competitors

16                   or customers, the party shall notify KPMG and Brocade before disclosing

17                   any Confidential Information to that individual and shall give KPMG and

18                   Brocade an opportunity to move for a protective order preventing or

19                   limiting such disclosure;

20         (e)     any authors or recipients of the Confidential Information;

21         (f)     the Court, Court personnel and court reporters; and

22         (g)     witnesses, at deposition and/or trial, only to the extent necessary to give

23                   their testimony.  At the request of any party, the portion of the transcript

24                   involving the Confidential Information shall be designated "Confidential"

25                   pursuant to paragraph 2 above.  Witnesses shown Confidential

26                   Information shall not be allowed to retain copies.

27       5.     Any persons receiving Confidential Information shall not reveal or discuss such

28  information to or with any person who is not entitled to receive such information, except as set

3

forth herein.

6.      For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court, in sealed envelopes or other appropriate sealed containers.  On the outside of the envelopes, a copy of the first page of the document shall be attached.  If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy.  The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

In the event that the Clerk's Office refuses to accept a document filed under seal, the filing party shall, not later than the next business day, file a notice indicating which documents the party attempted to file.  The filing party shall also serve a copy of the rejected filing by overnight mail on KPMG and Brocade.  If KPMG or Brocade wish to contest the public filing of the document, they must file a motion to that effect within five (5) business days of the initial filing date.  If no motion is received, the filing party may file the document publicly within seven (7) business days of the initial filing.  If a motion is filed to permit the filing to be made under seal, the filing party may not file the document with the confidential material included therein until the motion is resolved.  This procedure shall not affect any Court order or other rule regarding the scheduling for future filings. All requests to file any material under seal must also comport with Civ. L.R. 79-5.

7.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to KPMG.  KPMG, or at their request Brocade, shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.

8.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as confidential shall be treated as such and shall be

subject to the provisions hereof unless and until one of the following occurs:

      (a)    KPMG withdraws such designation in writing; or

      (b)    KPMG or Brocade fail to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

      (c)    the Court rules the material is not Confidential Information.

9.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information no later than thirty (30) days after a request by such counsel, or (b) destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed.

10.     If confidential information is inadvertently produced without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error.  As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as though it had been timely designated under this Confidentiality Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized by Paragraph 4 herein, as well as any copies made by such persons.

11.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

///

///

///

///

12.     This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

Respectfully submitted,

Dated:  February 1, 2007                                SIDLEY AUSTIN LLP


By: /s/ Geoffrey M. Ezgar_____
     GEOFFREY M. EZGAR
     Attorneys for Third Party
     KPMG LLP


Dated:  February 1, 2007                                KEKER & VAN NEST, LLP


By: /s/ Jan Nielsen Little_____
     JAN NIELSEN LITTLE
     Attorneys for Defendant
     STEPHANIE JENSEN


**THE FOREGOING STIPULATION**
**IS APPROVED AND IS SO ORDERED.**


Dated: _February _02_, 2007          _____
                                     The Honorable Charles R. Breyer
                                     United States District Judge

**APPENDIX A**

<u>CERTIFICATION</u>

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *United States of America v. Gregory L. Reyes and Stephanie Jensen,* CR 06-00556 CRB (EMC) (N.D. Cal.).  I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.


SIGNATURE:  _____

DATED:  _____

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER
CASE NO. CR 06-00556 CRB (EMC)