IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY L. REYES, et al.,<br><br>    Defendants.<br>_____ / | No. C 06-00556 CRB<br><br>**MEMORANDUM AND ORDER RE: SEVERANCE** |

On July 20, 2006, a grand jury indicted Gregory Reyes ("Reyes") and Stephanie Jensen ("Jensen") for their involvement in an alleged scheme to backdate stock options at Brocade Communications Systems, Inc. ("Brocade"). Now pending before the Court is Jensen's motion to sever. For the reasons set forth below, the motion is GRANTED.

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 538 (1993). "Joint trials . . . promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Id. at 539 (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)). "The general rule is that persons jointly indicted should be jointly tried absent compelling circumstances." United States v. Silla, 555 F.2d 703, 707 (9th Cir. 1977). Moreover, a joint trial is "particularly appropriate" when the government charges a conspiracy among multiple defendants. United States v. Freeman, 6 F.3d 586, 598 (9th Cir. 1993).

1    Repeatedly, however, the Ninth Circuit has found that such compelling circumstances
2 exist when one defendant, who would invoke the Fifth Amendment and refuse to testify at a
3 joint trial, has pledged to provide exculpatory testimony on behalf of a co-defendant if a
4 severance is granted.  See, e.g., United States v. Siefert, 648 F.2d 557, 563-64 (9th Cir. 1980)
5 (holding that the district court abused its discretion in refusing to sever the trial of a
6 defendant whose alleged co-conspirator had offered to provide "important exculpatory
7 evidence").  Thus, although the proponent of a severance bears a heavy burden to
8 demonstrate that a joint trial would be "so manifestly prejudicial as to require the trial judge
9 to exercise his discretion in but one way, by ordering a separate trial," United States v.
10 Abushi, 682 F.2d 1289, 1296 (9th Cir. 1982), the well-settled law in this circuit is that the
11 proffer of substantially exculpatory testimony from a co-defendant is, in certain
12 circumstances, sufficient to require separate trials.

13    To establish the necessity of a severance, a defendant must show (1) that she would
14 call the codefendant at a severed trial, (2) that the codefendant would in fact testify and (3)
15 that the testimony would be favorable to the moving defendant.  Siefert, 648 F.3d at 563.
16 See also United States v. Reese, 2 F.3d 870, 892 (9th Cir. 1993); United States v. Hernandez,
17 952 F.2d 1110, 1115 (9th Cir. 1991); United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir.
18 1986).  As to the last of these three requirements, a court must consider not only whether the
19 testimony *helps* the proponent of the severance, but also "the *degree* to which the asserted
20 codefendant testimony is exculpatory."  United States v. Mariscal, 939 F.2d 884, 885 (9th
21 Cir. 1991).  Only "substantially exculpatory" testimony is sufficient to compel a severance,
22 not merely testimony that "contradicts portions of the government's proof."  Id. at 886; see
23 also Hernandez, 952 F.2d at 1116 (affirming the district court's decision to conduct a joint
24 trial, even though a co-defendant's testimony "might have helped" another defendant).

25    Here, the Court concludes that Jensen has satisfied her burden of showing that a
26 severance is necessary.  First, she has demonstrated that she would call Reyes at a severed
27 trial.  Decl. of Jan Nielsen Little ¶ 3 (Document No. 127).  Second, Reyes has submitted an
28 affidavit, filed *in camera* and *ex parte*, stating that he would in fact testify on her behalf at a

2

severed trial. Decl. of Gregory Reyes ¶ 3 (Document No. 143). Moreover, Reyes has not attached any conditions to his commitment to testify; both in his declaration and at oral argument, he unequivocally asserted that he would testify on her behalf, regardless of the order in which the severed cases were tried. See United States v. Gay, 567 F.2d 916 (9th Cir. 1978) (noting that a district court may deny severance where a defendant attempts to "play games" and makes only a "conditional offer to testify," but further suggesting in dicta that a district court "might well [commit] error" by "requiring that the co-defendant witness offering exculpatory testimony be tried after the movant").

Finally, the Court is also persuaded that the testimony offered by Reyes is "substantially exculpatory." Mariscal, 939 F.2d at 886. Following a review of Reyes' proposed testimony and a hearing on the subject, both of which were conducted *in camera* and *ex parte*,[1] the Court finds that Reyes' testimony provides specific and material evidence that negates some aspects, though perhaps not all, of the charges against Jensen. His affidavit consists of more than merely "a series of denials that the testimony of certain government witnesses [would be] true," though it contains some of those conclusory and meaningless assertions as well. Reese, 2 F.3d 892. In particular, the affidavit contains details about what Jensen knew, understood, or was told about the process of granting stock options at Brocade, including information that was told to her by Reyes himself. See Decl.

---

[1] The government has taken the position that Jensen's motion to sever is "defective as a matter of law" because Reyes has offered his testimony *ex parte*. According to the government, the motion must be denied because it has "improperly prevented the government from responding to the substance of this motion." United States' Resp. to Def. Stephanie Jensen's Mot. for Severance at 2.

This Court "acknowledges," as others have, that "that the Government is deprived of the opportunity to meaningfully address the factors related to the testimony itself." United States v. Fastow, 269 F.Supp.2d 905, 910-11 (S.D.Tex. 2003). But the Court does not agree that there is anything "improper" about this situation, nor does it agree with the government's contention that a severance motion must fail unless the testifying defendant consents to disclose to the prosecution the substance of his exculpatory testimony. As the government has conceded, no authority exists for that proposition, and several cases suggest that sealed and even *ex parte* proceedings are par for the course in a motion for severance. See United States v. Cova, 585 F. Supp. 1187, 1191 (E.D. Mo. 1984) (denying severance following defendant's request "for an *ex parte* and *in camera* hearing on the question of severance"). Cf. United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994) (reversing criminal convictions and requiring separate trials after "the undisputed leader of the conspiracy . . . *extensively testified in camera*" about the scope of the conspiracy (emphasis added)).

3

of Gregory Reyes ¶¶ 7-9.  The Court agrees with Jensen that this material is precisely the sort that gives rise to an obligation to sever under Rule 14.  The government is correct to point out that conspiracy charges usually make it "particularly appropriate" to try co-defendants together.  Freeman, 6 F.3d at 598.  But it is equally true that an alleged co-conspirator is in a unique position to provide exculpatory testimony on behalf of another defendant.  Here, if the conspiracy alleged in the indictment is to be believed, Reyes is "the only individual in a position to rebut directly the government evidence of [Jensen's] knowing participation in the scheme."  Siefert, 648 F.2d at 564.  See also United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994) (holding that a district court abused its discretion in denying a severance where "the undisputed leader of the conspiracy-would have testified on [a co-defendant's] behalf had severance been granted," and where that same leader "extensively testified *in camera* that [the co-defendant] neither participated in nor in any way intentionally furthered the amphetamine conspiracy").

Because Jensen has demonstrated (1) that Reyes has offered unconditionally to testify on her behalf in a joint trial, (2) that she would call him if their trials are severed, and (3) that his proffered testimony is substantially exculpatory, her motion to sever is hereby GRANTED.

The parties shall appear for a status conference before the Court on Friday, March 30, at 2:00 p.m., to discuss the order of trial and related matters.  The presence of Defendant Reyes and Defendant Jensen at the status conference is excused.

**IT IS SO ORDERED.**

Dated: March 29, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\0556cr\order re motion to sever4.wpd