1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,

No. C 06-00556-2 CRB

12

Plaintiff,

**[PROPOSED] JURY INSTRUCTIONS**

13

v.

14

STEPHANIE JENSEN,

15

Defendant.

16

_____/

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

[Ninth Circuit Model Criminal Jury Instructions 3.1]

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—
## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant, Stephanie Jensen, has pleaded not guilty to each count charged in the indictment. Ms. Jensen is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of a count beyond a reasonable doubt.

[Ninth Circuit Model Criminal Jury Instructions 3.2]

3

**United States District Court**
For the Northern District of California

# REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that Ms. Jensen is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Ms. Jensen is guilty, it is your duty to find Ms. Jensen not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Ms. Jensen is guilty, it is your duty to find Ms. Jensen guilty.

[Ninth Circuit Model Criminal Jury Instructions 3.5]

**DEFENDANT'S DECISION NOT TO TESTIFY**

**[If Applicable]**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that Ms. Jensen did not testify.

[Ninth Circuit Model Criminal Jury Instructions 3.3]

**DEFENDANT'S DECISION TO TESTIFY**

**[If Applicable]**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

[Ninth Circuit Model Criminal Jury Instructions 3.4]

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which have been received into evidence; and

      (3) any facts to which all the lawyers have stipulated.

[Ninth Circuit Model Criminal Jury Instructions 3.6]

**United States District Court**
For the Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

[Ninth Circuit Model Criminal Jury Instructions 2.4]

United States District Court
For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

      1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

      2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

      3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

      4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Ninth Circuit Model Criminal Jury Instructions 3.7]

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[Ninth Circuit Model Criminal Jury Instructions 3.8]

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES**

**[If Applicable]**

You have heard testimony from [witness], a witness who

• [received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness];

• [received benefits] [compensation] [favored treatment] from the government in connection with this case];

• [[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

• [pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this][these] reason[s], in evaluating [witness's] testimony, you should consider the extent to which or whether [witness's] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine [witness's] testimony with greater caution than that of other witnesses.

[Ninth Circuit Model Criminal Jury Instructions 4.9]

**United States District Court**
For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

      1. the opportunity and ability of the witness to see or hear or know the things testified to;

      2. the witness's memory;

      3. the witness's manner while testifying;

      4. the witness's interest in the outcome of the case and any bias or prejudice;

      5. whether other evidence contradicted the witness's testimony;

      6. the reasonableness of the witness's testimony in light of all the evidence; and

      7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

[Ninth Circuit Model Criminal Jury Instructions 3.9]

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## SINGLE DEFENDANT

A separate crime is charged against Ms. Jensen in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

[Ninth Circuit Model Criminal Jury Instructions 3.9]

**STATEMENTS BY DEFENDANT**

You have heard testimony that Ms. Jensen made certain statements.  It is for you to decide (1) whether Ms. Jensen made such statements, and (2) if so, how much weight to give to them.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which Ms. Jensen may have made them.

[Ninth Circuit Model Criminal Jury Instructions 4.1]

**CHARACTER OF THE DEFENDANT**

**[If Applicable]**

You have heard evidence of the defendant's character for [e.g., truthfulness, peacefulness, honesty, etc.].  In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

[Ninth Circuit Model Criminal Jury Instructions 4.4]

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

[Ninth Circuit Model Criminal Jury Instructions 4.17]

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

[Ninth Circuit Model Criminal Jury Instructions 4.19]

# CRIMINAL COUNTS

I will now discuss with you each of the counts that have been charged against Ms. Jensen. You will be required to return a verdict as to each of these counts.

**United States District Court**
For the Northern District of California

# COUNT ONE: CONSPIRACY—ELEMENTS

Ms. Jensen is charged in Count One with conspiracy to falsify Brocade's books, records, and accounts, in violation of Section 371 of Title 18 of the United States Code.  In order for Ms. Jensen to be found guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

> *First,* during the time period between approximately 2000 and 2004, there was an agreement between two or more persons to commit falsification of Brocade's books, records, and accounts;
>
> *Second,* Ms. Jensen became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and
>
> *Third,* one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

[Ninth Circuit Model Criminal Jury Instructions 8.16, *as amended*]

United States District Court
For the Northern District of California

**COUNT ONE: CONSPIRACY—DEFINITION**

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that Ms. Jensen personally did one of the overt acts.

[Ninth Circuit Model Criminal Jury Instructions 8.16, *as amended*]

20

**COUNT ONE: CONSPIRACY—**

**KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, Ms. Jensen has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

> (1) Ms. Jensen directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;
>
> (2) Ms. Jensen knew or had reason to know that other conspirators were involved with those with whom Ms. Jensen directly conspired; and
>
> (3) Ms. Jensen had reason to believe that whatever benefits Ms. Jensen might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

[Ninth Circuit Model Criminal Jury Instructions 8.18]

United States District Court
For the Northern District of California

21

United States District Court
For the Northern District of California

# COUNT TWO:

## FALSE BOOKS AND RECORDS—ELEMENTS

Ms. Jensen is charged in Count Two with falsifying Brocade's books, records, and accounts in violation of Sections 78m(b)(2)(A), 78m(b)(5), and 78ff of Title 15 of the United States Code, and Section 240.13b2-1 of Title 17 of the Code of Federal Regulations.  In order for a defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

> *First,* Ms. Jensen was an officer of a company that had a class of securities registered pursuant to Section 78*l* of Title 15 of the United States Code or was required to file reports pursuant to Section 78*o*(d) of Title 15 of the United States Code;
>
> *Second,* Brocade was required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Brocade;
>
> *Third,* Ms. Jensen, directly or indirectly, falsified or caused to be falsified any such book, record, or account of Brocade; and
>
> *Fourth,* Ms. Jensen acted knowingly and willfully.

The government must prove beyond a reasonable doubt that Ms. Jensen acted with knowledge that the relevant books, records, and accounts contained a false or misleading statement, or with reckless disregard as to their false or misleading character.

The first and second of these four elements are not in dispute, and therefore you should consider the first and second elements as having been proved by the government beyond a reasonable doubt.

**BOOKS, RECORDS, AND ACCOUNTS DEFINED**

A book, record or account is a document that was created or maintained to accurately and fairly reflect, in reasonable detail, the transactions and dispositions of the assets of the company.

[15 U.S.C. § 78m(b)(2)(A)]

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

## AIDING AND ABETTING

A defendant may be found guilty of the crimes charged in Count Two, even if Ms. Jensen personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

> *First,* that the crime charged in Count Two was committed by someone;
> *Second,* Ms. Jensen knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crimes charged in those counts; and
> *Third,* Ms. Jensen acted before the crime was completed.

It is not enough that Ms. Jensen merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that Ms. Jensen acted with the knowledge and intention of helping that person commit the crimes charged, as charged in the indictment.

[Ninth Circuit Model Criminal Jury Instructions 5.1, *as modified*]

**KNOWINGLY — DEFINED**

An act is done knowingly if Ms. Jensen is aware of the act and does not act, or fail to act, through ignorance, mistake, or accident.  You may consider evidence of Ms. Jensen's words, acts, or omissions, along with all the other evidence, in deciding whether Ms. Jensen acted knowingly.

[Ninth Circuit Model Criminal Jury Instructions 5.6]

**WILLFULLY — DEFINED**

An act is done willfully if it is done voluntarily and intentionally and with the purpose of violating a known legal duty.  In other words, in the context of each count, the government must prove that Ms. Jensen undertook an act she knew to be wrongful.

[Ninth Circuit Model Criminal Jury Instructions 5.5]

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

## BACKDATING OF STOCK OPTIONS

3  Retroactively dating or pricing, or alternatively "backdating," stock-option grants or related

4  paperwork is not, in and of itself, a violation of the criminal law.  The fact that options, grant

5  lists, committee minutes, or other paperwork may have been retroactively dated, or that stock

6  options may have been retroactively priced, does not by itself establish a criminal violation of

7  federal securities laws.  However, evidence of such practices may be considered by you, along

8  with other evidence, in connection with the crimes charged in the indictment.  In other words,

9  you may consider evidence of retroactive dating or pricing, or "backdating," in light of the

10  specific elements that must be proved in connection with each of the counts charged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Ninth Circuit Model Criminal Jury Instructions 5.5]

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

[Ninth Circuit Model Criminal Jury Instructions 7.2]

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

[Ninth Circuit Model Criminal Jury Instructions 7.3]

**United States District Court**
For the Northern District of California

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against Ms. Jensen beyond a reasonable doubt.

[Ninth Circuit Model Criminal Jury Instructions 7.4]

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of Ms. Jensen, until after you have reached a unanimous verdict or have been discharged.

[Ninth Circuit Model Criminal Jury Instructions 7.6]