IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 06-00556-1 CRB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO UNSEAL** |
| v. | |
| GREGORY L. REYES,, | |
| Defendant. | |

Defendant Gregory Reyes takes the position that a criminal defendant may voluntarily make statements in a declaration for the purpose of forcing a severance, but then preclude the government from relying on that statement at sentencing for the purpose of requesting an enhancement for obstruction of justice. Because the defendant's position is based on a misguided understanding of the privilege against self-incrimination, and because the government is entitled to attempt to prove at sentencing that the defendant obstructed justice by "providing materially false information to a judge," U.S.S.G. § 3C1.1, the defendant's motion to unseal Reyes' declaration filed March 9, 2007 is GRANTED. The Court hereby unseals the following three documents, attached to the order as Exhibits A, B, and C: (1) the Reyes declaration filed March 9, 2007 (docket number 143); (2) the addendum to memorandum of points and authorities in support of Stephanie Jensen's Motion for Severance (docket number 142); and (3) the transcript of sealed proceedings, dated March 28, 2007 (Volume I, Pages 1-14).

Reyes' argument that the Court is precluded from unsealing the declaration because it would violate Reyes' Fifth Amendment rights is off the mark. "[A] necessary element of compulsory self-incrimination is some kind of compulsion." Hoffa v. United States, 385 U.S. 293, 304 (1966). The declaration executed by Reyes was wholly voluntary, and made for the purpose of forcing a severance of his trial from that of co-defendant Stephanie Jensen. Reyes does not attempt to even insinuate that his declaration was the result of coercion by a state actor. See United States v. Kimbrough, 477 F.3d 144, 150 (4th Cir. 2007) (emphasizing that for purposes of the Fifth Amendment analysis, the question is whether a statement was coerced by the police or another state actor).[1] "[F]ar from being prohibited by the Constitution, admissions of guilt by wrongdoers, if not coerced, are inherently desirable. . . . Absent some officially coerced self-accusation, the Fifth Amendment privilege is not violated by even the most damning admissions." United States v. Washington, 431 U.S. 181, 187 (1977).

To be sure, a statement may not be "voluntary" if the defendant is forced to choose between the right to remain silent and the right to exercise other constitutional rights. See Simmons v. United States, 390 U.S. 377, 394 (1968) "([I]n this case Garrett was obliged either to give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination. In these circumstances, we find it intolerable that one constitutional right should have to be surrendered in order to assert another."). However, Reyes had no constitutional interest in a severed trial; that interest belonged solely to Jensen. Accordingly, Reyes cannot rely on cases like Simmons or United States v. Hickey, 185 F.3d 1064 (9th Cir. 1999), to argue that he was forced to offer the declaration in order to exercise other constitutional rights.[2]

---

[1] Although a voluntarily-executed, incriminating affidavit was excluded from evidence in United States v. Trejo-Zambrano, 582 F.2d 460, 463 (9th Cir. 1978), the exclusion was based on evidentiary principles – irrelevance and hearsay – and not on Fifth Amendment considerations.

[2] Even if Reyes did have a constitutional interest in the severance motion, it is doubtful that he could rely on the principle set forth in Simmons. The Supreme Court has held that Simmons offers no protection where the government seeks to rely on a statement that is

2

This Court denied the government's motion to unseal Reyes' declaration in the middle of the defendant's trial, voicing its concern that unsealing the declaration might "be a violation of the defendant's Fifth Amendment privilege." Reyes highlights this language in arguing that the privilege against self-incrimination protects his declaratory statement. The Court acknowledges that it could have used more precise language, but Reyes misunderstands the basis of the Court's concern. The Court's purpose for sealing Reyes' declaration was to prevent Reyes and Jensen from being forced to reveal their defense theories in advance of trial. That consideration continued to hold force throughout the Reyes and Jensen trial, and the Court therefore denied the government's motion in an effort to preserve Reyes' Fifth Amendment right to due process, which protects against forcing a defendant to reveal his defense without reciprocation from the government. See Wardius v. Oregon, 412 U.S. 470, 476 (1973) ("It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State."). However, that concern is absent now that the Reyes and Jensen trials have concluded.

In now granting the government's motion, the Court notes that statements made by a defendant during his criminal proceeding are highly relevant to the determination of an appropriate sentence. If Reyes did make materially untruthful statements to the Court in his declaration, it would be a miscarriage of justice to shield his comments from the government and from the public and press, which have a constitutional right of access to criminal proceedings, absent an overriding consideration. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 604 (1982) ("Underlying the First Amendment right of access to criminal trials is the common understanding that a major purpose of that Amendment was to protect the free discussion of governmental affairs. By offering such

---

incriminating because it contains material falsehoods. See United States v. Kahan, 415 U.S. 239, 243 (1974) ("The protective shield of Simmons is not to be converted into a license for false representations . . . free from the risk that the claimant will be held accountable for his falsehood.").

3

protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government.") (internal quotation and citations omitted). There is no overriding consideration here, such as the need to protect Reyes from being harmed by other prisoners for being a "snitch," or to conceal details of sexual matters. See United States v. Biagon, 2007 WL 4373597, *5 (9th Cir. Dec. 18, 2007) (Kleinfeld, J., concurring) (providing examples of reasons for holding in camera proceedings during sentencing).

In point of fact, to allow a defendant's potentially-false statements to remain sealed and unexamined would prevent the government from fulfilling its adversarial role by ferreting out perjury for the court, and could thereby immunize the declarant in a judicial proceeding from the consequence of his statements. Such a practice would promote perjury since a declarant need only file his declaration under seal to avoid his adversary's detection. Neither the Constitution nor common sense compels such a result in this case. Rather, in this case the relevant equitable considerations – the public's right to access, the government's right to seek an enhancement, and the Court's own interest in punishing acts of obstruction – favor granting the government's motion so that the parties can fairly address, with all the relevant information, whether additional punishment is warranted at sentencing.

In the alternative, the defendant requests that the Court stay its order to prevent irreparable harm and to provide him with an opportunity to seek interlocutory review. That request is denied. "The factors to be considered in determining whether an order should be stayed are the same factors considered in determining whether to issue a temporary restraining order or a preliminary injunction." Summit County Democratic Cent. & Executive Comm. v. Blackwell, 388 F.3d 547, 550 (6th Cir. 2004). In the Ninth Circuit, the factors considered in determining whether to issue a preliminary injunction include the likelihood of success and the hardships to the parties. See Lands Council v. Martin, 479 F.3d 636, 639 (9th Cir. 2007). Here, Reyes has demonstrated a low likelihood of success on the merits and little risk of harm. At most, the defendant's claim is that his potentially-false statements cannot be used against him. Thus, the harm from unsealing his declaration would

4

not be caused by the disclosure, only from the use of his statements against him. At this point, Reyes has identified no harm that would result from the mere unsealing of his declaration.

An order denying a stay is not an appealable order, see <u>Mayacamas Corp. v. Gulfstream Aerospace Corp.</u>, 806 F.2d 928, 930 (9th Cir. 1986), and the Court will not certify its ruling to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). Defendant has cited no authority on point to support his claim that these judicial proceedings should remain under seal. Accordingly, it cannot be said that this order involves a question of law "as to which there is substantial ground for difference of opinion." The government's motion to seal is GRANTED; the defendant's request for a stay is DENIED.

**IT IS SO ORDERED.**

Dated: December 19, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE