IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>STEPHANIE JENSEN,<br><br>    Defendant. _____/ | No. C 06-00556-2 CRB<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL** |

Defendant Stephanie Jensen moves this Court for a post-verdict judgment of acquittal, arguing that the government failed to adduce sufficient evidence of willfulness. Because the evidence of trial was sufficient to permit a reasonable juror to find the essential elements of the two underlying counts of conviction, Jensen's motion is DENIED.

A jury convicted Jensen of violating the Foreign Corrupt Practices Act's Books & Records provision, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(5), 78ff(a), and the federal conspiracy statute, 18 U.S.C. § 371. The brunt of Jensen's argument is that the government failed to adduce sufficient evidence that Jensen acted with knowledge that her conduct was wrongful. See 15 U.S.C. § 78ff(a). The Court disagrees.

To defeat a motion for acquittal based on sufficiency of the evidence, the government need only establish that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). When there is

an innocent explanation for a defendant's conduct as well as one that suggests that the defendant was engaged in wrongdoing, "the Government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one." United States v. Delgado, 357 F.3d 1061, 1068 (9th Cir. 2004) (citation omitted).

A reasonable juror could conclude that Jensen knew her conduct was wrongful based on the following evidence: First, Human Resources ("HR") employee Lisa Cuevas testified that the process of backdating stock option grants in contravention of Brocade policy made her uncomfortable. See RT 501:15-16. This circumstantial evidence supports the inference that Stephanie Jensen, as the Director of the HR Department, might also find the practice of backdating unsettling and improper. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir. 1992) ("[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.").

Second, Cuevas related that Jensen retroactively priced option grants in a way intended to minimize the obviousness of the retroactive date. See RT 500:20-23. Even if there were an innocent explanation for Jensen's statement, a rational jury could conclude beyond a reasonable doubt that Jensen was concealing the retroactive pricing of stock grants because she knew it was wrongful.

Third, HR employee Margie Lee testified that Jensen asked her to backdate an option grant that occurred in November 2001 to appear as if the grant was made on October 1, 2001. See RT 385-86. Lee testified that she took a copy of the option grant – among other documents – home with her because she wanted to be able to prove in the future that the idea was not hers. See RT 401:24-402:5. Again, a reasonable juror could infer that if a lower-level HR employee was so uncomfortable with falsifying grant minutes and related documentation that she took copies home to protect herself from legal proceedings, then the Director of the HR Department likely also understood that there was something wrong with concealing the actual date that options were granted.

1  Fourth, the government adduced evidence that Jensen told Lee to communicate to
2 others at Brocade that options were granted on the day the compensation committee met,
3 even though Jensen knew that not to be true. See RT 382. Even if there were an innocent
4 explanation for Jensen's directive, a reasonable juror could conclude that Jensen was
5 concealing the practice of options backdating because she knew it to be wrongful.

6  There is more damning evidence – including testimony that Jensen directed her
7 employees not to use e-mail when communicating about the stock option granting process,
8 RT 111:22-24, 392:8-12, 502:1-2 – but an exhaustive review of the entire trial transcript is
9 unnecessary. The plain fact of the matter is that although the jury could have returned a
10 verdict of not guilty, there was more than enough evidence in support of the verdict actually
11 returned. This is, put simply, not the kind of case where it is appropriate for the Court to
12 usurp the jury's role.

13  Similarly, the Court finds that there was sufficient evidence adduced at trial to support
14 the conspiracy conviction. "To prove a conspiracy under 18 U.S.C. § 371, the government
15 must establish (1) an agreement to engage in criminal activity, (2) one or more overt acts
16 taken to implement the agreement, and (3) the requisite intent to commit the substantive
17 crime." United States v. Montgomery, 384 F.3d 1050, 1062 (9th Cir. 2004) (citation and
18 internal quotation marks omitted). Jensen unpersuasively argues that no reasonable juror
19 could conclude that there was an agreement to engage in criminal activity.

20  "Proof of the agreement may be based on circumstantial evidence from which the jury
21 may draw an inference of an agreement. Thus, a conspiracy may be proven by circumstantial
22 evidence that the defendants acted together towards a common goal." United States v. Ching
23 Tang Lo, 447 F.3d 1212, 1226 (9th Cir. 2006) (citations omitted). One witness testified that
24 he understood Jensen and Reyes operated together in determining the appropriate retroactive
25 price for option grants. See RT 77:6-8. Another witnesses testified that under Jensen's
26 supervision, three possible retroactive grant dates would be selected. See RT 361:10-13.
27 Jensen would then take the potential dates to Reyes, and return with signed, falsified
28 committee meeting minutes. See RT 364:5-9. The jury could reasonably infer an agreement

3

from Jensen's acts pursuant to the scheme. See United States v. Hopper, 177 F.3d 824, 829 (9th Cir. 1999).

Because the government adduced sufficient evidence to sustain the convictions, Jensen's motion for judgment of acquittal is DENIED.[1]

**IT IS SO ORDERED.**

Dated: January 25, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] For the reasons set forth in the Order Denying Motion for New Trial, the Court also rejects Jensen's argument that the Books & Records statute is void for vagueness and that the government was required to adduce evidence that Jensen knew the falsification of committee meeting minutes would impact Brocade's financial statements. See Order Denying Motion for New Trial at 10-12, 13-15.